IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHASE NEILL,

      **Plaintiff,**

      **v.**                                  **CASE NO. 23-3143-JAR**

HOLLY TEETER, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se in this civil rights case brought under 28 U.S.C. § 1331. The Court grants Plaintiff's motion for leave to proceed in forma pauperis. Plaintiff is in custody at USP-Leavenworth in Leavenworth, Kansas.

## I.  Nature of the Matter before the Court

Plaintiff's claims involve his federal criminal proceedings, where he was found guilty of Threatening a Federal Official. He claims that he is "God's Messenger" and that God required the Plaintiff to deliver the warning to Congressman LaTurner that he would be killed by an act of God. (Doc. 1, at 7.)

Plaintiff claims that "[o]n 22 June 2023, Plaintiff was charged by the Topeka Kansas Federal Court for having 'stated he is the messiah and telling Congressman Jacob LaTurner that he would be killed by an act of God.'" (Doc. 1, at 4.) Plaintiff claims that his federal proceedings were "greatly prejudiced and malicious," and during the proceedings the defendants deprived him "of his protection of procedural due process with the intent of inhibiting his ability to exercise religious speech." *Id.* Plaintiff claims that his criminal proceedings resulted in a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2); a violation of the Religious Freedom

Restoration Act ("RFRA"); a violation of Executive Order No. 13798; and a violation of Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Eighth, Tenth, and Fourteenth Amendment rights. *Id*. at 5–7, 10–11.   Plaintiff claims that the "action of convicting Plaintiff is the action of directly depriving those rights." *Id*. at 11.  Plaintiff's mother, Defendant Pamela Neill, told Plaintiff that if he were to raise these issues on direct appeal, she would cease and refuse to continue financing him weekly. *Id*.

Plaintiff asserts that he is bringing this case under *Bivens* and 28 U.S.C. § 1343(a)(1), and names as defendants:  Holly Teeter, U.S. District Judge; Stephen Hunting, Assistant U.S. Attorney; Skipper Jacobs, Assistant U.S. Attorney; and Pamela Neill.   Plaintiff seeks:  $55 million for "injuries suffered to the soul"; $109,500,000 for "actual injuries suffered in terms of spiritual injury"; $658,000,000 in punitive damages; $146-centillion for special damages;  injunctive relief to accommodate his religious speech when he "delivers a warning or message on behalf of The Creator"; immunity for acts taken in matters pertaining to "ecclesiastical ascendancy"; to try Defendants for their crimes; removal of Defendants from their offices; declaratory relief; expungement of Plaintiff's criminal Case No. 22-cr-40037-HLT; and release from custody for the malicious charges of Case No. 22-cr-40037-HLT.   *Id*. at 16–17.

Plaintiff claims that injunctive relief is warranted because irreparable injury will occur absent an injunction allowing him to perform his religious speech and absent a reversal of his conviction. *Id*. at 13–14.  He calculates the costs of each lost soul and determines that the injury sustained would be $156,906,750,000,000,000,000 (or $156-centillion), and because this amount could not be repaid "or even measured," irreparable damage will occur. *Id*.  He also claims that because he did not deliver all of God's warnings, he has suffered physical injuries.[1] *Id*. at 13–14.

---

[1] Plaintiff alleges that, as punishment for not delivering the warnings, he has suffered from scar tissue around his testicles and his heart, the straightening of his cervical lordosis, and paralysis of his left arm.  (Doc. 1, at 13–14.)

Plaintiff's claims involve his federal criminal case.  *See United States v. Neill*, Case No. 22-cr-40037-HLT (D. Kan.).  Plaintiff was found guilty of Threatening a Federal Official, a Class C Felony.  *Id*. at Doc. 169 (Judgment in a Criminal Case).  On May 23, 2023, Plaintiff was sentenced to a 46-month term of imprisonment.  *Id*.  On May 26, 2023, Plaintiff filed a Notice of Appeal.  *Id*. at 177.  On May 30, 2023, his appeal was docketed in the Tenth Circuit Court of Appeals and remains pending.  *See United States v. Neill*, Case No. 23-3096 (10th Cir.).

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

Plaintiff's claims relate to his federal criminal case.  Plaintiff raised similar claims in *Neill v. Hunting*, Case No. 23-3131 (D. Kan.).  Plaintiff's claims against the federal judge and prosecutors in his current case relate to their involvement in his criminal proceedings.   In dismissing Case No. 23-3131, the Court explained to Plaintiff that the judge and prosecutors enjoy immunity.  *Id*. at Doc. 6, at 5–8 (June 12, 2023 Memorandum and Order explaining that Plaintiff's claims were barred by sovereign immunity, judicial immunity, and prosecutorial immunity).

Despite this ruling in his prior case, Plaintiff continues to name the federal judge and prosecutors the instant case.  Plaintiff also names his mother, Pamela Neill, as a defendant in this case.  Plaintiff claims that his mother had been paying him money to use towards his defense, but told him she would discontinue the payments if he continued to assert his rights under RFRA and the First Amendment.   (Doc. 1, at 8.)   Plaintiff alleges that her actions violated 42 U.S.C. § 1985(2).[2]  *Id.*

Section 1985 deals with conspiracies to interfere with civil rights.  *See* 42 U.S.C. § 1985. Plaintiff's bald allegation of a conspiracy is insufficient to state a claim.  Plaintiff fails to assert factual allegations in support of his claim.  To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).  A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.*  Here,

---

[2] Plaintiff also alleges that he is bringing this action under *Bivens* and 28 U.S.C. § 1343(a)(1).  Section 1343(a)(1) provides for damages for a violation of 42 U.S.C. § 1985 and because Plaintiff does not state a claim under § 1985, he does not state a claim under § 1343(a)(1).  And a remedy under *Bivens* has only been recognized in three contexts, none of which apply in this case.  *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017) (noting that the only instances in which the Supreme Court has approved of an implied damages remedy are for Fourth Amendment claims alleging unlawful search and seizure, Fifth Amendment claims alleging gender discrimination, and Eighth Amendment claims alleging inadequate medical treatment).

Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone.  Such conclusory allegations fail to state a plausible claim for relief.

Plaintiff's conspiracy allegation under § 1985(2) also fails because Plaintiff has not shown discriminatory animus against him based on his membership in a protected class.  *See Garcia v. Yniquez*, 2022 WL 2734636, at *2 (10th Cir. July 14, 2022) (unpublished).  Causes of action under both sections (2) and (3) require a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions."  *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (citations omitted); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (a § 1985 claim lacking an allegation of "class-based or racial discriminatory animus" must fail)); *see also Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) ("To assert a plausible claim under § 1985(3), plaintiff must allege a conspiracy based on racial animus.") (citing *Jones*, 809 F.3d at 576).  Plaintiff makes no such allegations, and he fails to state a plausible claim under § 1985(2).

More importantly, the Court explained to Plaintiff in dismissing his prior case that Plaintiff's challenges to his federal conviction and sentence must be brought pursuant to a habeas action, and if a judgment on Plaintiff's claims in this case would necessarily imply the invalidity of that conviction, the claims are barred by *Heck*. In his criminal case, Plaintiff was convicted of threatening an official.  Therefore, the speech he now seeks an accommodation for has already been determined to be a violation of federal law.

To the extent Plaintiff challenges the validity of his sentence in his federal criminal case, his federal claim must be presented in habeas corpus.  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994).  "Though *Heck* dealt

with only § 1983 actions, the doctrine has since been expanded . . . [and] now applies to both state and federal officials, meaning it applies both to § 1983 claims and to *Bivens* claims." *Coleman v. United States Dist. Court of New Mexico*, 678 F. App'x 751, 754 (10th Cir. 2017) (unpublished) (citing *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)).   "And it applies regardless of whether a plaintiff seeks damages or declaratory or injunctive relief."   *Id.* (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005)); *see also Willaman v. Ferentino*, 173 F. App'x 942, 943 (3rd Cir. 2006) ("Declaratory relief is not available to attack a criminal conviction.") (citations omitted).

Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.   In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.   *Id.* at 486–87; *see also Spartz v. TeBrake*, 2020 WL 555410, at n.2 (D. Minn. 2020) (finding that plaintiff's claim that he was detained as a result of his "Neo-Tech" religious beliefs necessarily implies the invalidity of his detention and is therefore precluded by *Heck*); *Love*

*v. North Carolina Dep't of Public Safety*, 2020 WL 6050583, at *2 (W.D. N.C. 2020) (where plaintiff claimed that defendants were interfering with his mail, religious exercise, and free speech by labeling his activities as SRG (Security Risk Group), the court found that to the extent that plaintiff was convicted of the disciplinary offenses for the activities about which he complains, plaintiff's claims are barred by *Heck*); *White v. United States*, 2019 WL 13243076, at *3 ((D. Ore. 2019) (finding that plaintiff's RFRC claim and allegations that his criminal prosecutions substantially burdened his exercise of religion were barred by the statute of limitation, prosecutorial immunity, and *Heck*).

Plaintiff has not alleged that his conviction or sentence has been invalidated.  In fact, as noted above, Plaintiff's criminal case is currently pending on appeal.  Plaintiff's claims are barred by *Heck*.

Plaintiff continues to attack his federal criminal proceedings despite the dismissal of his claims in Case No. 23-3131.  "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

The Court's duty to dismiss a frivolous action is mandatory under 28 U.S.C. § 1915A.  *See Flute v. Untied States*, 723 F. App'x 599, 603 (10th Cir. 2018) (unpublished) (citing § 1915A(a) and § 1915A(b)(1)).  "A frivolous complaint 'lacks an arguable basis in law or fact.'" *Robbins v. Cty. of Boulder*, 592 F. App'x 710, 711 (10th Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Court can dismiss a claim as frivolous "based on an indisputably meritless

legal theory . . . [or on] factual contentions [that] are clearly baseless." *Id.* (quoting *Neitzke*, 490 U.S. at 327). "Thus, a frivolous complaint 'embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'" *Id.* (quoting *Neitzke*, 490 U.S. at 325). "Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist." *Id.* (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991)).

Plaintiff has also filed a Motion for Relief (Doc. 4) in which he continues to challenge his federal criminal proceedings and argues that he will be unable to serve the Defendants in this case. He indicates that he intends to file the motion in each of his civil lawsuits and it is not "particularly tailed to each [case]." (Doc. 4, at 4.)  In light of the Court's dismissal of this case, Plaintiff's motion is denied as moot.

## IV.  Conclusion

The Court has screened Plaintiff's Complaint and dismisses this case for failure to state a claim.[3]  Plaintiff has named defendants that are immune from suit, his claims are barred by *Heck*, and he has otherwise failed to state a valid claim for relief.  The Court finds that an opportunity to amend would be futile.  *See Higgins v. City of Tulsa*, 103 F. App'x 648, 652 (10th Cir. 2004) (affirming a *sua sponte* dismissal when the *Heck* infirmity was "patently obvious" (internal quotation marks omitted)).

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

---

[3] The Tenth Circuit has held that a dismissal under *Heck* is for failure to state a claim.  *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Miles v. Kansas*, 770 F. App'x 432 (10th Cir. 2019) (unpublished) (dismissing appeal of *Heck* dismissal as frivolous and assessing two strikes, one for the district court's dismissal and one for the Tenth Circuit's dismissal).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief (Doc. 4) is **denied as moot**.

**IT IS SO ORDERED**.

**Dated June 21, 2023, in Kansas City, Kansas.**

<u>S/  Julie A. Robinson</u>
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**